06-1384-ag
Omar v. Mukasey

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

_____

August Term, 2007

(Argued: February 20, 2008                    Decided: February 29, 2008)

Docket No. 06-1384-ag

_____

MAHMOUD IMAM MOHAMED OMAR,

*Petitioner*,

− v. −

MICHAEL B. MUKASEY,[1]

*Respondent*.

_____

Before: KEARSE, CALABRESI and KATZMANN, *Circuit Judges*.

Petition for review of denial by the Board of Immigration Appeals ("BIA") of a motion to reopen immigration proceedings based on a claim of ineffective assistance of counsel. The petition for review is DENIED.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

LAMIS J. DEEK, Brooklyn, N.Y., *for Petitioner*.

DAVID BOBER, Assistant United States Attorney (Elizabeth Wolstein, Assistant United States Attorney, *of counsel*), *for* Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., *for Respondent*.

---

PER CURIAM:

Petitioner Mahmoud Imam Mohamed Omar ("Petitioner" or "Omar") entered the United States in November 1989 on a 6-month tourist visa. In April 2003, he received a Notice to Appear charging him as subject to removal for overstaying his visa. 8 U.S.C. § 1227(a)(1)(B). Omar conceded removability and sought cancellation of removal before Immigration Judge ("IJ") William F. Jankun. After an individual hearing, the IJ denied Omar's request, *In re Omar*, No. A96 427 364 (Immig. Ct. N.Y. City Aug. 26, 2004), and Omar timely filed a *pro se* notice of appeal of that decision to the Board of Immigration Appeals ("BIA"). No appellate brief was filed on Omar's behalf, and the BIA therefore summarily dismissed Omar's appeal on October 7, 2005.

In January 2006, Omar filed a motion to reopen his removal proceedings with the BIA, based on ineffective assistance of counsel. Omar argued that Vernon Dutton, his non-attorney immigration consultant, was to blame for two errors: that Omar's initial application for cancellation of removal lacked reference to his "visible and substantial physical illness and handicap," and that a brief was not filed in the initial appeal to the BIA. In support of these claims, Omar explained his efforts to comply with the requirements for reopening based on ineffective assistance of counsel under *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

2

He also argued that had he been able to introduce evidence about his health, he would have been able to demonstrate the exceptional and extremely unusual hardship required for cancellation of removal – in his circumstances, unusual hardship to his U.S. citizen daughter. 8 U.S.C. § 1229b(b)(1).

The BIA denied Omar's motion to reopen on February 24, 2006. The BIA found that Omar had not set forth in detail an agreement with Vernon Dutton that would show that Dutton – or anyone else – had agreed to represent Omar on appeal. As indicia that there was not such an agreement, the BIA noted that no notice of appearance had been filed by any individual indicating that he or she was Omar's legal representative on appeal; that Omar had not lodged a complaint with any disciplinary authorities against Dutton or any attorney for failure to appear on his behalf on appeal; and that Omar had filed his notice of appeal *pro se*. The BIA also found that Omar was not prejudiced by the errors he claimed, holding that it could not find that "these arguments [relating to Omar's health] would have likely changed the outcome of these proceedings." *In re Omar*, No. A96 427 364 (B.I.A. Feb. 24, 2006). Omar now petitions this Court for review of the BIA's decision. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

The government argues that we do not have jurisdiction to hear Omar's petition for review, as, under *Santos-Salazar v. U.S. Dep't of Justice*, 400 F.3d 99, 101, 103 (2d Cir. 2005), we cannot, on a petition for review of a motion to reopen, exercise jurisdiction over that which we would not have had jurisdiction to review on direct appeal. This *Santos-Salazar* "principle," *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005), is clearly correct, but it does not deprive us of jurisdiction over the claims raised in this case.

3

If Petitioner had, on direct appeal before the BIA, argued that his application for cancellation of removal was not properly presented to the IJ because of ineffective assistance of counsel, and the BIA had denied that claim, we would have had jurisdiction to consider it. A claim of ineffective assistance of counsel is a constitutional claim. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 241 (2d Cir. 1992) ("[I]n order to prevail on an ineffectiveness claim, an alien must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause.") (internal quotation marks omitted). We are not barred from exercising jurisdiction over an ineffective assistance of counsel claim under the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), merely because in determining whether the petitioner was prejudiced by counsel's errors we would have to consider whether the agency's underlying discretionary determination might have been different had no errors occurred. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) ("Any BIA determination with respect to an ineffectiveness claim is certainly subject to judicial review . . . ."). Ruling on an ineffective assistance of counsel claim does not require us to substitute our discretion for that of the agency; it is simply a determination that the alien was not given a fair hearing because of counsel's errors.

Whether a petitioner can bring a claim of ineffective assistance due to the actions of a non-attorney immigration consultant, and the nature of any pleading requirements that might be placed on such a claim, are questions of law that have not yet been settled in this Circuit and, indeed, are currently being considered by the BIA. As a result, it cannot be said that the claim of ineffective assistance of counsel at issue in this case is "so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, __ F.3d __

4

2008 WL 375988 at *5 (2d Cir. Jan. 25, 2008). *See also Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007) (finding jurisdiction to review a colorable, though meritless, legal claim).

Because we would have had jurisdiction to consider the issue of ineffective assistance of counsel on a petition to review the BIA's rejection of that claim in a direct appeal, we likewise have jurisdiction to consider the issue on a timely petition to review the BIA's rejection of it in denying a proper motion to reopen. *See, e.g.*, *Sepulveda*, 407 F.3d at 64.

\* \* \* \* \*

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "'An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.'" *Id.* at 233-34 (quoting *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)).

The BIA, in its decision, rejected Omar's ineffective assistance of counsel claim on two grounds: (1) that, to whatever extent the *Lozada* requirements might apply to non-attorney immigration consultants, Omar had failed to meet those requirements, and (2) that Omar had failed to demonstrate that he was prejudiced by the alleged errors. The BIA's decision on each of these grounds was neither arbitrary nor capricious. We therefore DENY the petition for review.

5