**Ashfaq AHMAD, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States of America,\* Respondent.**

**No. 07–1348–ag.**

United States Court of Appeals, Second Circuit.

March 19, 2008.

Ashfaq Ahmad, New York, NY, pro se, Petitioner.

Jessica E. Sherman, Office of Immigration Litigation (Jeffrey J. Bernstein, Senior Litigation Counsel), for Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Present: Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. JANET C. HALL,\*\* District Judge.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

\*\* The Honorable Janet C. Hall, United States District Court for the District of Connecticut, sitting by designation.

### SUMMARY ORDER

Petitioner Ashfaq Ahmad, *pro se*, seeks judicial review of a March 6, 2007 order of the Board of Immigration Appeals ("BIA"). The BIA denied his motion to reopen or reconsider its November 15, 2006 decision denying remand and affirming a May 11, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying Ahmad's applications for political asylum, withholding of removal, relief under the Convention Against Torture, and cancellation of removal. *In re Ashfaq Ahmad*, No. A73 187 244 (B.I.A. Mar. 6, 2007). On appeal, Ahmad challenges the BIA's March 2007 order to the extent it denied his motion to reopen based on new and material evidence of extraordinary and extremely unusual hardship to his U.S. citizen wife, and the November 2006 order to the extent that it denied his motion seeking remand for the purpose of deciding his application for adjustment of status. We presume the parties' familiarity with the underlying facts and procedural history of this case.

The BIA's November 2006 order is not properly before this Court, and the issue of Ahmad's adjustment application has not been preserved for our review. "[T]he filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders...." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (citing *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). A petition for review of a final order of removal must be filed no later than thirty days after its issuance. 8 U.S.C. § 1252(b)(1). Because no petition for review was filed within thirty days of the BIA's November 15, 2006 decision, we are "precluded from passing on the merits of the underlying exclusion proceedings, and must confine our review to the" March 2007 denial of Ahmad's motion to reopen those proceedings. *Kaur*, 413 F.3d at 233 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001)) (internal quotation marks omitted).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam); *Kaur*, 413 F.3d at 233. "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34 (quoting *Ke Zhen Zhao*, 265 F.3d at 93) (internal quotation marks omitted). This Court lacks jurisdiction "to review discretionary determinations concerning cancellation of removal," including the BIA's determination "that an alien has failed to demonstrate that his removal will cause a qualifying U.S. citizen relative to suffer 'exceptional and extremely unusual hardship.'" *De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir.2006). We have also stated that "we cannot, on a petition for review of a motion to reopen, exercise jurisdiction over that which we would not have had jurisdiction to review on direct appeal." *Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir.2008).

In denying Ahmad's motion to reopen, the BIA reviewed evidence of hardship to Ahmad's wife that had been submitted to the IJ (medical records), as well as new evidence to support the hardship claim (the wife's affidavit). The Board concluded that "on the evidence submitted it has not been shown that [his wife's] anticipated hardships rise to the level that is considered to be 'exceptional and extremely unusual' in nature whether considered individually or cumulatively." We would not

have jurisdiction to review this discretionary hardship determination on direct appeal. Therefore, we cannot review it now, in the context of a motion to reopen.

Further, we detect no abuse of discretion in the BIA's rulings that: 1) its previous finding that Ahmad did not specifically request an opportunity to present his wife's testimony below was correct; 2) Ahmad did not comply with the requirements for advancing an ineffective assistance claim as discussed in *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988); and 3) Ahmad did not show that the new evidence of his wife's hardship was not previously available. *See* 8 C.F.R. § 1003.2(c)(1). The BIA provided adequate reasoning for these conclusions, which were consistent with established policies and precedents.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.