SUMMARY ORDER

Semir Kapic, a native and citizen of Bosnia-Herzegovina, seeks review of a March 26, 2008 order of the BIA affirming the November 29, 2007 decision of Immigration Judge (“IJ”) Roger Sagerman denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Kapic, No. A 75 *51 163 301 (B.I.A. Mar. 26, 2008), aff'g No. A 75 163 301 (Immig. Ct. Napanoch, N.Y. Nov. 29, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Despite Kapic’s failure to acknowledge this threshold jurisdictional issue, because he was found removable as an aggravated felon, 8 U.S.C. § 1227(a)(2)(A)(iii), our review is limited to constitutional claims and “questions of law.” See 8 U.S.C. § 1252(a)(2)(C), (D); Pierre v. Gonzales, 502 F.3d 109, 113 (2d Cir.2007). To the extent that Kapic asserts that substantial evidence does not support the agency’s finding that he failed to establish eligibility for withholding of removal and CAT relief, he has challenged purely factual determinations. This Court therefore lacks jurisdiction to review the agency’s denial of withholding of removal and CAT relief. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329-331 (2d Cir.2006). However, contrary to the government’s argument that this Court lacks jurisdiction to address Kapic’s ineffective assistance of counsel claim, we have found that because such claims are rooted in the Fifth Amendment due process clause, they are constitutional claims. See Omar v. Mukasey, 517 F.3d 647, 650 (2d Cir.2008). We thus proceed to consider Kapic’s ineffective assistance of counsel claim.
Kapic argues, as he did before the BIA, that his attorney was ineffective because he did not attempt to solicit testimony from either Kapic or his father regarding future problems Kapic might endure upon return to Bosnia. His argument fails. Counsel asked Kapic and his father why their family fled to the United States, and asked Kapic’s father whether it would be safe for Kapic to return to Bosnia. The IJ also interrupted counsel’s questioning and asked Kapic what would happen to him upon return to Bosnia-Herzegovina and probed his knowledge of current conditions there. Because competent counsel would not likely have repeated the same questions the IJ asked, the BIA did not err in finding that Kapic failed to establish that his counsel was ineffective. Cf. Esposito v. INS, 987 F.2d 108, 111 (2d Cir.1993).
For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.