Alket **IVANI, Petitioner,**

v.

Eric H. **HOLDER Jr.\*, United States Attorney General, Respondent.**

No. 08–1881–ag.

United States Court of Appeals, Second Circuit.

April 10, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey.

Alket Ivani, Pro Se.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Alket Ivani, a native and citizen of Albania, seeks review of an April 3, 2008 order of the BIA, affirming the September 21, 2006 decision of Immigration Judge ("IJ") Michael Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alket Ivani,* No. A96 268 194 (B.I.A. Apr. 3, 2008), *aff'g* No. A96 268 194 (Immig. Ct. Hartford Sep. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, this Court does not have jurisdiction to review the agency's denial of petitioner's CAT and asylum claims. Because Ivani failed to exhaust his CAT claim by raising it before the BIA, we are without jurisdiction to consider any challenge Ivani now makes to

the denial of that relief. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). In addition, this Court does not have jurisdiction to review the agency's finding that an asylum application was untimely, 8 U.S.C. § 1158(a)(3), but retains jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D). Although we are able to review Ivani's arguments regarding ineffective assistance of counsel, *Omar v. Mukasey,* 517 F.3d 647, 650 (2d Cir.2008), such arguments are of no moment. The IJ found that even assuming there had been ineffective assistance, he would still pretermit Ivani's asylum application because the record was devoid of evidence concerning Ivani's date of entry. Ivani's challenge to the IJ's determination that he failed to demonstrate his date of entry is a factual finding that we may not review. We thus proceed to review Ivani's challenge to the agency's denial of his application for withholding of removal.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The agency properly found that Ivani, who based his claim on his and his family's involvement with the Democratic Party in Albania, did not establish a likelihood of future persecution because country conditions in Albania have changed significantly since his departure. *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). As the agency observed, since Ivani left Albania, the Democratic Party has risen to power, and none of the evidence in the record suggested that Democratic Party members have been persecuted in Albania since that time. While Ivani argues that the BIA erred in finding that country conditions have changed to such an extent that he does not have an objectively reasonable fear of persecution, he neither disputes the agency's finding that conditions have changed nor points to any evidence contradicting the agency's conclusions. Under such circumstances, we will not disturb the agency's decision. *Id.*

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.