Fakhriddin SURATALIYEV, Mekhrubon Bazarova, Petitioners,

v.

Eric H. HOLDER Jr., Attorney General,* Respondent.

Nos. 07–5474–ag (L); 08–2281–ag (Con).

United States Court of Appeals, Second Circuit.

June 25, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

Lavi S. Soloway, Masliah & Soloway, P.C., New York, NY, for Petitioners. ·

Gregory G. Katsas, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Fakhriddin Surataliyev and Mekhrubon Bazarova, natives of the former Soviet Union and citizens of Uzbekistan, seek review of an April 2, 2008 order of the BIA denying their motion to reconsider, *In re Fakhriddin Surataliyev, Mekhrubon Bazarova*, Nos. A97 515 403/A98 769 488 (B.I.A. Apr. 2, 2008), and a November 7, 2007 order of the BIA affirming the February 15, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fakhriddin Surataliyev, Mekhrubon Bazarova*, Nos. A97 515 403/A98 769 488 (B.I.A. Nov. 7, 2007), *aff'g* Nos. A97 515 403/A98 769 2 488 (Immig. Ct. N.Y. City Feb. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

## I. Direct Appeal

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

### A. Asylum

We lack jurisdiction to review the agency's finding that an asylum application was untimely or that an asylum applicant established "extraordinary circumstances." 8 U.S.C. § 1158(a)(3) We nevertheless retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330–32 (2d Cir.2006).

Surataliyev argues that: (1) he verbally manifested his intent to file his application within one year of his arrival in the United States; and (2) he should not have been required to comply with the *Lozada* requirements to present his ineffective assistance of counsel claim ** These claims, though arguably reviewable, *Xiao Ji Chen*, 471 F.3d at 330–32, are without merit. The regulation clearly requires that an

---

** We have stated that ineffective assistance of counsel claims in the immigration context are constitutional in nature. *See Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir.2008). Although we recognize such statement is in tension with the former Attorney General's decision in *Matter of Compean*, 24 I. & N.

Dec. 710 (BIA 2009), we need not resolve such tension here. Rather, without deciding the jurisdictional question, we find that Petitioners' ineffective assistance of counsel claim is "plainly without merit." *See, e.g., Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir. 2004).

application for asylum be filed in writing within one year of the alien's arrival in the United States. 8 C.F.R. §§ 1208.4(a)(ii), 103.2(a)(7). As to ineffective assistance, Surataliyev did nothing more than assert that his prior attorney failed to timely file his asylum application, and, as the BIA found, he did not substantially comply with any of the *Lozada* requirements. *Yi Long Yang v. Gonzales,* 478 F.3d 133, 142–43 (2d Cir.2007); *see also Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005) ("[A]n alien who has failed to comply substantially with the *Lozada* requirements ... forfeits [his] ineffective assistance of counsel claim in this Court"). Finally, we are without jurisdiction to consider the Petitioners' argument that the 2004 elections in Uzbekistan constituted a change in country conditions for purposes of the one-year bar, as that argument is merely a "quarrel about the IJ's fact-finding." *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen,* 471 F.3d at 330.

## B. Withholding of Removal

The agency properly denied Petitioners' applications for withholding of removal, which are not subject to the one-year bar. The agency found that the Petitioners failed to establish a nexus to a protected ground and, in the alternative, failed to establish past persecution or a likelihood of future persecution. We need not review the agency's nexus finding, because the persecution-related findings are supported by the record.

Bazarova cites (1) threats against her and her family; (2) incidents of physical abuse she suffered while carrying out her work as a journalist; (3) abuse in the hospital where she gave birth to her son; and (4) persecution of her family members.

We have generally rejected claims of past persecution based on unfulfilled threats alone. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002). Further, while Bazarova alleged that she was struck in the face during her coverage of the 1999 parliamentary elections, this incident does not rise to the level of persecution, even when considered cumulatively with the other incidents she described.

Bazarova described the conditions under which she gave birth to her son, but she did not establish that any mistreatment was perpetrated by the government on account of a protected ground. *Cf. Pavlova v. INS,* 441 F.3d 82, 85 (2d Cir.2006).

Finally, Bazarova described abuse inflicted on her family members. Harm to an applicant's family member may be considered persecution to the applicant if the "family member was harmed as a means of targeting the applicant on some protected ground," *Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007); *see also Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir. 2006), but there is insufficient evidence that this was such a case.

While it is true that the agency was required to consider all of these events cumulatively, rather than addressing the severity of each event in isolation, *see Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005), there is nothing in the record that suggests that it failed to do so.

Moreover, as the agency concluded, Bazarova's return to Uzbekistan on two separate occasions after the incidents she described undermined her claim that she will more likely than not be persecuted in the future. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 68 n. 2 (2d Cir.2007) ***

## II. Motion to Reconsider

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See*

---

*** Because Petitioners do not argue that the agency erred in denying their CAT claims, any

such argument is deemed waived. *See Yueq-*

*Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 93 (2001).

Here, the BIA did not abuse its discretion in denying the Petitioners' motion to reconsider. While the BIA acknowledged making a misstatement of the record, there was no prejudice because the two instances of job loss Surataliyev described are insufficient to support a finding of economic harm amounting to persecution. *See, e.g., Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) (applicant must show at least a "deliberate imposition of a substantial economic disadvantage"); *see also Matter of T–Z–,* 24 I & N Dec. 163 (BIA 2007).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).