**Oleg SAMARTSIEV, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**No. 08–4955–ag.**

United States Court of Appeals, Second Circuit.

Oct. 19, 2009.

Tatiana S. Aristova, Esq., Plainsboro, NJ, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, B.D. PARKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

## SUMMARY ORDER

Petitioner Oleg Samartsiev, a native and citizen of Belarus, seeks review of a September 19, 2008 order of the BIA denying his motion to reopen and affirming the IJ's March 22, 2004 denial of his motion to rescind his *in absentia* removal order. *In re Oleg S. Samartsiev,* No. A075 981 363 (B.I.A. Sept. 19, 2008), *aff'g* No. A075 981 363 (Immig. Ct. N.Y. City Mar. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review a motion to reopen proceedings in order to rescind an *in absentia* removal order for abuse of discretion. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006). In order to succeed on such a motion, an alien must demonstrate that his failure to appear was the result of exceptional circumstances beyond his control. 8 C.F.R. § 1003.23(b)(4)(ii). Ineffective assistance of counsel may constitute such an exceptional circumstance if the ineffective assistance results in an alien's failure to appear at his hearing. *See Aris v. Mukasey,* 517 F.3d 595, 599 (2d Cir.2008).

Samartsiev argued in his motion to rescind that he failed to appear at his hearing because his former attorney's assistant, David Lynn, erroneously informed him that his hearing had been canceled. However, Samartsiev stated in an earlier filed Notice of Appeal, which the BIA rejected, that he failed to appear on account of illness. The IJ denied the motion based on Samartsiev's failure to explain the discrepancy, and the BIA reasonably affirmed that decision. Accordingly, the agency did not abuse its discretion in denying the motion to rescind. *See Alrefae,* 471 F.3d at 357.

In addition, the BIA did not abuse its discretion in denying Samartsiev's motion to reopen for failure to meet the procedural requirements for a claim of ineffective assistance of counsel set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988). Samartsiev did fulfill the *Lozada* requirements with respect to the allegation set forth in his motion to rescind. However, Samartsiev made an additional allegation of misconduct in his motion to reopen, claiming that Lynn instructed him to sign a blank Notice of Appeal form which he subsequently filed with the BIA without Samartsiev's knowledge or consent. This claim was a separate and independent allegation of ineffective assistance, and Samartsiev failed to separately and independently satisfy the procedural requirements set forth in *Matter of Lozada* with respect to that allegation. Because Samartsiev made no effort to comply with *Matter of Lozada* in advancing this new claim of ineffective assistance, the BIA did not err in denying his motion. *See Ruiz–Martinez v. Mukasey,* 516 F.3d 102, 121 (2d Cir.2008) (recognizing that, while "slavish adherence" to *Matter of Lozada* is not required, when an alien does not comply with those requirements in any respect, the ineffective assistance of counsel claim is forfeited).

Samartsiev argues that he should not be required to comply with the requirements set forth in *Matter of Lozada* because Lynn was not an attorney. However, Samartsiev has repeatedly identified Lynn as the assistant to his former attorney. And when a petitioner brings a claim of ineffective assistance of counsel stemming from the actions of a non-attorney immigration consultant, he must still make an effort to comply with *Matter of Lozada. See, e.g., Omar v. Mukasey,* 517 F.3d 647, 651 (2d Cir.2008) (finding that the BIA's decision to deny the petitioner's ineffective assistance claim against a non-attorney immi-

gration consultant based on non-compliance with *Lozada* was "neither arbitrary nor capricious").

Samartsiev also argues that he should not be required to comply with *Matter of Lozada* because it is "obvious" that Lynn provided ineffective assistance of counsel. We have held that strict compliance with *Matter of Lozada* is not necessary when the facts upon which the petitioner's ineffective assistance of counsel claim is based are plain on the face of the administrative record. *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 143 (2d Cir.2007). The record here, however, does not establish either that Lynn filed the Notice of Appeal on Samartsiev's behalf or the circumstances surrounding its filing. Nor does Lynn's supposed arrest and conviction provide a basis for excusing compliance with *Matter of Lozada* in the circumstances of this case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).