**Asta KAUZONAITE, Kestutis Papaurelis, Petitioners,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–0537–ag.

United States Court of Appeals, Second Circuit.

Nov. 4, 2009.

Grant Kaplan, Boca Raton, FL, for Petitioners.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN and GERARD E. LYNCH, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Asta Kauzonaite and Kestutis Papaurelis, natives and citizens of Lithuania, seek review of a January 12, 2009 order of the BIA affirming the June 5, 2006 decision of Immigration Judge ("IJ") Michael W. Straus, denying Kauzonaite's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").* *In re Asta Kauzonaite, Kestutis Papaurelis,* Nos. A098 972 234/235 (B.I.A. Jan. 12, 2009), *aff'g* Nos. A098 972 234/235 (Immig. Ct. Hartford, CT June 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

### I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraor-

---

* Because Papaurelis' claim is wholly dependent on Kauzonaite's and he was listed as a derivative applicant on her application for asylum, we refer to Kauzonaite alone throughout this order.

dinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Kauzonaite argues that she demonstrated extraordinary circumstances excusing the untimeliness of her asylum application because she received ineffective assistance of counsel. Because ineffective assistance of counsel claims present constitutional issues, *see Omar v. Mukasey,* 517 F.3d 647, 650 (2d Cir.2008), we may review Kauzonaite's argument.

Nevertheless, Kauzonaite's argument fails. For an alien to demonstrate that she received ineffective assistance of counsel, she must comply with the procedures laid out by the BIA in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (B.I.A.1988). As the BIA explained, however, Kauzonaite failed to comply with any of these requirements. Kauzonaite does not challenge this finding in her brief to this Court, and because this finding was alone dispositive of her claim, *see Jian Yun Zheng v. Ashcroft,* 409 F.3d 43, 47 (2d Cir.2005), we need not consider Kauzonaite's argument that she exercised due diligence in pursuing her claim.

We thus proceed to review Kauzonaite's challenge to the agency's denial of her application for withholding of removal and CAT relief.

## II. Withholding of Removal

The agency did not err in finding that Kauzonaite failed to establish eligibility for withholding of removal based on her membership in a particular social group. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). In order to demonstrate membership in a particular social group, the alien must demonstrate that the group "share[s] a common, immutable characteristic," which may be either innate or a product of shared past experience. *See Matter of Acosta,* 19 I. & N. Dec. 211, 233 (B.I.A.1985). In addition, membership in a particular social group must entail a level of "social visibility" sufficient to identify members to others in the community, particularly to potential persecutors. *See Matter of A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 74 (B.I.A.2007); *see also Gomez v. INS,* 947 F.2d 660, 664 (2d Cir.1991) (explaining that the traits that characterize a social group must be "recognizable and discrete," and that "broadly-based characteristics such as youth and gender" will not by themselves suffice to define a particular social group for the purposes of an asylum claim).

Kauzonaite argues that her "membership in a particular social group has been established due to her gender." However, although gender is an immutable characteristic, *see Matter of Acosta,* 19 I. & N. Dec. at 233, gender alone is "insufficient to identify a particular social group." *Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 240 (2d Cir.1992); *see also Gomez,* 947 F.2d at 664. Thus, the BIA did not err in denying Kauzonaite's application for withholding of removal based on its finding that she failed to demonstrate the requisite nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42); *Gomez,* 947 F.2d at 664.

## III. CAT Relief

Unlike both asylum and withholding of removal under the INA, CAT relief does not require a nexus to one of the protected grounds. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004). In order to establish eligibility for CAT relief, the alien must demonstrate that it is more likely than not that she will face torture by her government upon return to her native country, or that "government officials [would] know of or remain willfully blind to an act [of torture] and thereafter breach

their legal responsibility to prevent it." *Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004).

The agency did not err in finding that Kauzonaite failed to demonstrate that she was eligible for CAT relief. The IJ explained that although Kauzonaite was raped and beaten in the past, she failed to demonstrate that she was likely to face the same treatment in the future either at the hands of the Lithuanian government or with its acquiescence. The agency explained that although she alleged that she had been attacked by a police officer, the "evidence simply d[id] not establish that the government or government authorities would be aware of torture of [Kauzonaite] and would willfully do nothing." Indeed, because Kauzonaite never sought help from the Lithuanian government in the past, the agency reasonably found that she had not shown that it would be unable or unwilling to assist her in the future. Thus, the agency reasonably denied Kauzonaite's request for CAT relief. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam,* 361 F.3d at 171.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.