Lin v. Holder

BIA
A077 322 368

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand thirteen.

PRESENT:
     BARRINGTON D. PARKER,
     GERARD E. LYNCH,
     CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

_____

MAO LIN,
          *Petitioner,*

          v.                              12-2144
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy
                         Assistant Attorney General; Luis E.
                         Perez, Senior Litigation Counsel;
                         Dawn S. Conrad, Trial Attorney,

**Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Mao Lin, a native and citizen of China, seeks review of an April 27, 2012, decision of the BIA denying his motion to reopen. *In re Mao Lin*, No. A077 322 368 (B.I.A. Apr. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Lin's motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). It is undisputed that Lin's motion to reopen was untimely filed as the agency's final order of removal was entered in 2002 and Lin did not file his motion to reopen until 2011, well beyond the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA did not err in declining to equitably toll the applicable time period based on Lin's ineffective assistance claim.

In order to warrant equitable tolling, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The BIA did not err in finding that Lin failed to demonstrate due diligence because he admitted discovering the alleged ineffective assistance in 2002, and, aside from "talking to lawyers" in the subsequent years, he did not assert that he took any actions to pursue reopening until he filed his motion nearly a decade later, in 2011. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

Additionally, even though Lin's ineffective assistance claim was based on allegations against a non-attorney immigration consultant, the BIA did not err by requiring Lin to comply to the extent practicable with the procedural requirements for raising an ineffective assistance of counsel claim detailed in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Omar v. Mukasey*, 517 F.3d 647, 651

3

(2d Cir. 2008). Accordingly, the BIA did not abuse its discretion in rejecting Lin's ineffective assistance of counsel claim, and we deny his petition for review in this regard. *See Rashid*, 533 F.3d at 131; *see also Omar*, 517 F.3d at 651.

Although we generally lack jurisdiction to consider the BIA's "entirely discretionary" decision regarding whether to reopen removal proceedings *sua sponte*, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), we retain jurisdiction to consider an argument that the agency declined to exercise its *sua sponte* authority based on a misperception of the law, *see Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). Here, contrary to Lin's contention, the BIA did not mischaracterize his motion to reopen because, as the BIA concluded, he ultimately sought the same relief as in his initial proceedings. Accordingly, we dismiss the petition for review to the extent that it challenges the BIA's decision regarding whether to exercise its *sua sponte* authority. *See Mahmood*, 570 F.3d at 469.

4

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk