22-6441
Arora v. Bondi

BIA
Nelson, IJ
A095 948 163

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

DINESH KUMAR ARORA,
> *Petitioner,*

v.                                          **22-6441**
                                            **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Dinesh Kumar Arora, pro se, Hicksville, NY.

**FOR RESPONDENT:**  Brian Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Senior Litigation Counsel; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dinesh Kumar Arora, a native and citizen of India, seeks review of an August 15, 2022 decision of the BIA affirming a December 11, 2020 decision of an Immigration Judge ("IJ") denying his motion to rescind his in absentia removal order.  *In re Dinesh Kumar Arora*, No. A095 948 163 (B.I.A. Aug. 15, 2022), *aff'g* No. A095 948 163 (Immig. Ct. N.Y. City Dec. 11, 2020).  We assume the parties' familiarity with the underlying facts and procedural history.

In 2020, Arora moved to rescind his removal order that was entered in absentia after he failed to appear at a 2018 hearing, arguing that his former counsel was ineffective for failing to timely file, or appeal the denial of, his first motion to rescind and that exceptional circumstances excused his failure to appear at his hearing.  Because the BIA affirmed without opinion, we review the IJ's decision as the final agency determination.  *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir.

2

2006). We lack jurisdiction to review Arora's challenge to the BIA's decision to summarily affirm. *See Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir. 2006) ("conclud[ing] that we lack jurisdiction to review decisions by BIA members to affirm IJ decisions without opinion without reference to a three-member BIA panel"). We otherwise review the denial of a motion to rescind for abuse of discretion, the underlying factual findings for substantial evidence, and claims of ineffective assistance de novo. *Alrefae*, 471 F.3d at 357; *Juan Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008); *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011); *Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008).

An order of removal entered in absentia "may be rescinded only . . . upon a motion to reopen filed within 180 days after the date of the order of removal if the . . . failure to appear was because of exceptional circumstances" or if the noncitizen did not receive notice. 8 U.S.C. § 1229a(b)(5)(C). It is undisputed that Arora received notice of his 2018 hearing and thus, his motion to rescind was subject to the 180-day time limit and he was required to demonstrate that exceptional circumstances excused his failure to appear. *See id.* "The term 'exceptional circumstances' refers to exceptional circumstances (such as . . . serious illness of the [noncitizen], or serious illness or death of the spouse, child, or parent of the

3

[noncitizen], but not including less compelling circumstances) beyond the control of the [noncitizen]." 8 U.S.C. § 1229a(e)(1).

Arora's 2020 motion to rescind was untimely because his in absentia removal order was issued more than two years earlier in 2018. *Id.* § 1229a(b)(5)(C)(i). Ineffective assistance of counsel may provide a basis for equitable tolling of the time for filing a motion. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006); *Iavorski v. U.S. INS*, 232 F.3d 124, 132 (2d Cir. 2000). To prevail on such a claim, a movant "must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result of such deficient performance." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (quotation marks omitted); *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). Prejudice requires a "show[ing] that, but for counsel's unprofessional errors, there is a reasonable probability the IJ would have granted the relief . . . requested." *Paucar*, 84 F.4th at 80 (quotation marks omitted).

The IJ did not err in determining that Arora failed to show that his counsel's performance was deficient so as to excuse his failure to appear at his 2018 hearing because he did not assert that his attorney failed to inform him of the hearing or was otherwise responsible for his failure to appear. *See id.*

4

The agency also did not err in concluding that, even if former counsel did not timely file Arora's first motion to rescind, Arora failed to show a reasonable probability that the motion would have been granted based on his claim of exceptional circumstances. *See id*. Specifically, the IJ noted that Arora did not meet his burden of proof because he did not submit medical evidence or other reliable evidence to corroborate his assertion that he suffered a serious illness (depression) that prevented him from appearing at his hearing. *See In re B-A-S-*, 22 I. & N. Dec. 57, 58–59 (B.I.A. 1998) ("Where [a noncitizen] argues that his failure to appear resulted from a 'serious illness,' we normally would expect specific, detailed medical evidence to corroborate the [noncitizen's] claim."); *In re J-P-*, 22 I. & N. Dec. 33, 35 (B.I.A. 1998) ("We find that the respondent's bare statement that he could not afford medical care does not excuse his failure to provide medical evidence to support his claim of exceptional circumstances. In particular, there is no evidence in the record that free or low cost emergency medical care was unavailable to the respondent in his area of residence at the time of his scheduled hearing.").

Accordingly, because Arora failed to establish ineffective assistance of counsel, the agency did not abuse its discretion in denying his motion to rescind

as untimely.  *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court