Jaimes-Costilla v. Bondi

BIA
A088 739 645/646

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-five.

PRESENT:
>       RICHARD C. WESLEY,
>       JOSEPH F. BIANCO,
>       SARAH A. L. MERRIAM,
>           *Circuit Judges.*

_____

ROSARIO JAIMES-COSTILLA,
NOLBERTO JARAMILLO-CURIEL,
>       *Petitioners,*

>       v.                                                  **20-2596**
>                                                           **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.***

_____

\* The Clerk's Office is respectfully directed to amend the caption as reflected above.

_____

FOR PETITIONERS:   Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

FOR RESPONDENT:   Brian Boynton, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Rosario Jaimes-Costilla and Nolberto Jaramillo-Curiel, natives and citizens of Mexico, seek review of a July 6, 2020, decision of the BIA denying their motion to reopen their removal proceedings. *In re Rosario Jaimes-Costilla, Nolberto Jaramillo-Curiel,* Nos. A088 739 645/646 (B.I.A. July 6, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, our review is limited to the BIA's 2020 decision denying Petitioners' motion to reopen because the petition is timely only as to that decision.[1] *See* 8 U.S.C. § 1252(b)(1) (setting 30-day deadline for a petition for

---

[1] The 30-day deadline to petition for review is not jurisdictional but is a claims-

2

review); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).   Therefore, we do not reach Petitioners' challenges to the agency's denial of cancellation of removal in their underlying proceedings.   *See Kaur*, 413 F.3d at 233.

We review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but "we review de novo constitutional claims and questions of law," *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011); *see Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008) ("A claim of ineffective assistance of counsel is a constitutional claim.").   There is no dispute that Petitioners' motion to reopen was untimely because they filed it more than ten years after their removal order became final.   *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline to file motion to reopen).   The BIA found that Petitioners' ineffective assistance of counsel claim did not excuse their untimely filing because they failed

---

processing rule that the Government has not waived.   *See Riley v. Bondi*, 606 U.S. 259, 272–77 (2025); *Castejon-Paz v. Bondi*, 143 F.4th 116, 118 (2d Cir. 2025) (explaining that *Riley* "expressly held that § 1252(b)(1)'s thirty-day filing deadline is a claim-processing rule that can be subject to waiver or forfeiture" (internal quotation marks and citation omitted)).   There is no basis to excuse the deadline here and deem the petition timely as to the underlying decisions because the Government has declined to waive the deadline and Petitioners have not argued that it should be excused.

to comply with the procedural requirements for raising such a claim or demonstrate that they were prejudiced by counsel's actions by submitting an asylum application or evidence of their prima facie eligibility for asylum and related relief.  *See Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (indicating that to obtain reopening based on ineffective assistance of counsel, movant must satisfy certain procedural requirements and show prejudice).  The BIA further declined to reopen sua sponte because Petitioners had not shown exceptional circumstances.

Petitioners do not challenge the BIA's dispositive findings that they failed to (1) comply with the procedural requirements for raising an ineffective assistance claim, (2) demonstrate prejudice, or (3) show exceptional circumstances.  Instead, they assert error in the underlying denial of cancellation and argue, without citation to the record, that they are eligible for asylum and related relief.  "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment."  *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks and citation omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (providing that "the argument" in an appellant's brief "must contain . . .

4

appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Thus, we deny the petition because Petitioners have abandoned any challenge to the BIA's dispositive bases for denying their motion to reopen. *See Debique*, 58 F.4th at 684–85.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court