Villacres Vallejo v. Bondi

BIA
A246 637 816

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

DANIEL VINICIO VILLACRES
VALLEJO,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

25-66
NAC

_____

FOR PETITIONER:                Reuben S. Kerben, Kew Gardens, NY.

FOR RESPONDENT:          Brett A. Shumate, Assistant Attorney General; Gregory M. Kelch, Senior Litigation Counsel; Thankful T. Vanderstar, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Daniel Vinicio Villacres Vallejo, a native and citizen of Ecuador, seeks review of a December 17, 2024, decision of the BIA denying his motion to reopen. *In re Villacres Vallejo*, No. A 246 637 816 (B.I.A. Dec. 17, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, but we review an ineffective assistance of counsel claim de novo. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008); *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011) ("On petitions for review of denied motions to reopen, we review de novo constitutional claims and questions of law."); *Omar v. Mukasey*, 517 F.3d 647,

2

650 (2d Cir. 2008) ("A claim of ineffective assistance of counsel is a constitutional claim.").

It is undisputed that Villacres Vallejo's August 2024 motion to reopen was untimely filed more than 90 days after the BIA affirmed his removal order in April 2024. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline); 8 C.F.R. § 1003.2(c)(2) (same). The time to file may be tolled based on ineffective assistance of counsel if the movant establishes that "counsel's performance was so ineffective . . . that it impinged upon the fundamental fairness of the hearing," that "he was prejudiced by his counsel's performance," that he "exercised due diligence in pursuing his claim," *Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008) (quotation marks and brackets omitted), *and* that he complied with specific procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), *see Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 45–46 (2d Cir. 2005). A motion to reopen based on ineffective assistance of counsel must include "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed

3

counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quotation marks omitted). We do not require "slavish adherence" to the *Lozada* requirements, but a claim of ineffective assistance is forfeited in this Court if there is not at least "substantial compliance." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007).

Villacres Vallejo forfeited his ineffective assistance claim. His affidavit—which alleged that counsel was unprepared, did not communicate with him, and did not submit sufficient evidence of conditions in Ecuador—did not satisfy the *Lozada* requirements; absent notice to former counsel and an opportunity to respond, the BIA had only Villacres Vallejo's side of the story, but his former counsel could have documented his communication with and preparation of Villacres Vallejo for the hearing. *See Twum*, 411 F.3d at 59 ("[T]hese requirements serve to deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective."). Similarly, counsel could have

4

explained his research of country conditions and could have pointed out that evidence presented with the motion to reopen, reflecting a spike in gang violence in January and February 2024, could not have been presented at the October 2023 hearing. We have excused full compliance where the ineffective assistance was clear from the face of the record, e.g., where the record reflected that the prior attorney had been disbarred for showing "a truly shocking disregard for his clients." *Yi Long Yang*, 478 F.3d at 142–43 (quotation marks omitted). But there is nothing in the record here reflecting such a shocking disregard for Villacres Vallejo: at the hearing, counsel walked him through the harm he experienced in Ecuador, and the record before the immigration judge included a State Department report for Ecuador, an article about traffic agents being threatened with firearms, and an article about the murder of a traffic agent.

Because the failure to comply with the *Lozada* requirements is dispositive of a claim of ineffective assistance, we do not reach the BIA's alternative prejudice analysis. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And the BIA's decision not to reopen sua

5

sponte is "entirely discretionary" and not subject to judicial review. *Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6