**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-3428 and 13-1684
_____

JOSE ANTONIO CHELEY,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-904-044)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2013
Before:  SMITH, GREENAWAY, JR. and SHWARTZ, Circuit Judges

(Opinion filed: October 11, 2013 )
_____

OPINION
_____

PER CURIAM

In these consolidated cases, petitioner Jose Cheley petitions for review of the Board of Immigration Appeals' orders (1) dismissing his appeal of an Immigration Judge's order denying his application for cancellation of removal, and (2) denying his subsequent motion to

reopen proceedings. For the reasons set forth below, we will dismiss the petitions in part and deny them in part.

Cheley, a citizen of Guatemala, arrived in the United States in 1990, and subsequently applied for asylum. In 2008, the Department of Homeland Security charged him with being removable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of his application for admission, was not in possession of a valid, unexpired immigrant visa.

Cheley conceded that he was removable as charged, withdrew his asylum application, and applied for cancellation of removal. See generally 8 U.S.C. § 1229b(b)(1). Cheley argued that his removal would result in exceptional and extremely unusual hardship to his three United States citizen children, and especially his daughter, Ariany, who has been diagnosed with ADHD. An Immigration Judge (IJ) denied Cheley's application, concluding that Cheley had failed to satisfy the hardship standard for cancellation of removal. Cheley then appealed to the Board of Immigration Appeals (BIA), which dismissed the appeal. Cheley filed a timely petition for review to this Court.

Cheley also filed a motion to reopen with the BIA. In support of his motion, he submitted additional documentation concerning Ariany's ADHD, school documents showing that Ariany received special-education services, background articles concerning crime and poverty in Guatemala, and the 2011 State Department Report for Guatemala. The BIA denied Cheley's motion, concluding both that the evidence that Cheley had submitted appeared to have been previously available and that Cheley had failed to carry his burden of showing that his new evidence would likely change the result of the underlying proceeding. Cheley then

2

filed a timely petition for review to this Court as to that order.

We have jurisdiction pursuant to 8 U.S.C. § 1252. In reviewing Cheley's request for cancellation of removal, we may consider constitutional claims and questions of law, but not factual or discretionary determinations. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). The same limitations apply to our review of Cheley's motion to reopen. See Omar v. Mukasey, 517 F.3d 647, 650 (2d Cir. 2008) ("we cannot, on a petition for review of a motion to reopen, exercise jurisdiction over that which we would not have had jurisdiction to review on direct appeal"). We review legal questions de novo, Arca-Pineda v. Att'y Gen., 527 F.3d 101, 103 (3d Cir. 2008), and, because the BIA issued its own opinions, we review its decisions rather than those of the IJ, see Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012).

Section 1252's jurisdictional limitation is critical in this case, because it precludes us from reviewing Cheley's various arguments that purport to show that the BIA incorrectly weighed the evidence in concluding that he had not shown that his removal would result in an exceptional and extremely unusual hardship. See Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008). Instead, we are limited to reviewing his legal and constitutional claims. See Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010).[1]

Among his claims that are properly before us, Cheley first argues that the IJ's behavior violated his due process rights. Cheley focuses on two statements from the IJ during a

---

[1] Cheley cites case law from the Second Circuit suggesting that we should consider whether the BIA's decision was "made without rational justification." Mendez v. Holder, 566 F.3d 316, 322 (2d Cir. 2009) (internal quotation marks omitted). However, the arguments that Cheley presents that he says show that the BIA's decision was irrational are materially indistinguishable from those arguments that we have previously deemed to be beyond our review, see, e.g., Patel, 619 F.3d at 232, and we consequently lack jurisdiction to review these claims.

3

preliminary hearing. Initially, after being confronted with a diffuse set of problems, including Cheley's failure to get his fingerprints taken, the fact that documents filed by Cheley had been misplaced by court staff, and the absence of his interpreter, the IJ fantasized about quitting his job. Then, he expressed his general unwillingness to postpone cancellation-of-removal cases because, he explained, it was unseemly for applicants to wait for misfortune to befall their family members in the hopes that it would advance their applications.

It is true that an IJ's statements and behavior while conducting a hearing may rise to the level of a due process violation where the IJ insults or belittles a petitioner. See, e.g., Wang v. Att'y Gen., 423 F.3d 260, 265-69 (3d Cir. 2005). However, while we do not approve of the IJ's comments here, we are satisfied that Cheley's due process rights were not violated. As an initial matter, the IJ's comments were directed toward Cheley only in part — he was frustrated about Cheley's apparent tardiness in pursuing fingerprinting, but he was also frustrated at his staff. Likewise, his statement about postponing cancellation-of-removal hearings concerned the behavior of litigants that the IJ had confronted in past cases, and we are convinced that, contrary to Cheley's contention, the IJ was not expressing hostility toward cancellation of removal generally. Ultimately, the IJ did continue the hearing and, at the merits hearing three months later, behaved entirely appropriately and did nothing to affect the outcome of the proceedings. Thus, "in the context of the record as a whole there is insufficient evidence to conclude that the overall proceedings were biased in violation of [Cheley's] right to due process." Abdulrahman v. Ashcroft, 330 F.3d 587, 596 (3d Cir. 2003).

Cheley next argues that the IJ wrongly excluded documentary evidence concerning his son's asthma. This contention is belied by the record. In his opinion, the IJ noted that "there is

4

some evidence in the record with regard to [Cheley's son] to the effect that he suffers from asthma." Thus, contrary to Cheley's argument, the IJ admitted this evidence — but concluded that it did not entitle Cheley to relief.

Cheley also argues that the BIA improperly failed to adhere to its own previous opinions. However, the opinions that Cheley primarily focuses on were "unpublished, single-member BIA decisions [that] have no precedential value, [and that] do not bind the BIA." De Leon-Ochoa v. Att'y Gen., 622 F.3d 341, 350 (3d Cir. 2010). Further, insofar as Cheley argues that his circumstances demonstrated exceptional and extremely unusual hardship as compared to other BIA cases, and that if the agency had correctly evaluated the evidence, it would have granted his application, this is the sort of factual argument that we lack jurisdiction to review. See Ettienne v. Holder, 659 F.3d 513, 518-19 (6th Cir. 2011).[2]

Cheley next contends that, because his daughter receives special-education services under the IDEA, his removal would, as a matter of law, necessarily create an exceptional and extremely unusual hardship. Cheley has cited no authority in support of this novel theory, and we have found none. Cf. Camarillo-Jose v. Holder, 676 F.3d 1140, 1143 (8th Cir. 2012) (denying petition for review notwithstanding child's special-education services). Indeed, any such rule would conflict with the fact-specific analysis that the BIA employs. See, e.g., In re Gonzalez Recinas, 23 I. & N. Dec. 467, 472 (BIA 2002). Thus, we conclude that the BIA did not err in refusing to apply Cheley's asserted rule.

---

[2] To the extent that Cheley claims that the IJ and BIA failed to consider all of his arguments, we are satisfied that the agency conducted a thorough review of his evidence and claims. See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) ("The Board is not required to write an exegesis on every contention, but only to show that it has reviewed the record and grasped the movant's claims." (internal quotation marks omitted)).

Finally, Cheley argues that the BIA applied the incorrect legal standard in addressing his motion to reopen. More specifically, he contends that the BIA should not have considered whether his new evidence would "likely change" the outcome of his case. We disagree. This inquiry was consistent with Supreme Court and BIA precedent. See INS v. Doherty, 502 U.S. 314, 323 (1992); In re Coelho, 20 I. & N. Dec. 464, 473 (BIA 1992). Therefore, we discern no error in this respect.

Accordingly, the petitions for review are dismissed in part and denied in part.