FILED
United States Court of Appeals
Tenth Circuit

October 29, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ARTURO VELASCO,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 13-9513

_____

**ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION APPEALS**

_____

Submitted on the briefs:[*]

Catherine A. Davies, Bull & Davies, P.C., Denver, Colorado, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General, John S. Hogan, Senior
Litigation Counsel, David H. Wetmore, Trial Attorney, U.S. Department of Justice,
Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

_____

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Arturo Velasco petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) that denied his application for cancellation of removal under § 240A of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1229b.  Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition.  Because Velasco had been granted suspension of deportation during prior deportation proceedings, he was ineligible for cancellation of removal.

## I.    Background

Velasco, a native and citizen of Mexico, entered the United States illegally in 1989.  He has twice faced proceedings to remove him from this country.  The government first commenced deportation proceedings against him in March 1997.  He applied for suspension-of-deportation relief under former § 244(a) of the INA, codified at 8 U.S.C. § 1254(a).  Although § 1254(a) had been repealed by the Illegal Immigration Reform and Responsibility Act of 1996 (IIRIRA), enacted on September 30, 1996, *see* Pub. L. No. 104-208, Div. C., Title III, § 308(b)(7), 110 Stat. 3009-546, 3009-615, and effective on April 1, 1997, *see id*. § 309(a), 110 Stat. at 3009-625, it continued to apply to aliens in deportation proceedings that had been commenced before the effective date, *see id*. § 309(c), 110 Stat. at 3009-625.  An IJ granted Velasco that relief in April 1998, and he was issued a lawful-permanent-resident card in September 1998.

In 2007 Velasco pleaded guilty to two counts of possession of a controlled substance, causing the Department of Homeland Security to initiate removal proceedings against him in 2009 under 8 U.S.C. § 1227(a)(2)(B)(i). He then applied for discretionary cancellation-of-removal relief for permanent residents under 8 U.S.C. § 1229b(a). "Cancellation of removal" permits the Attorney General to cancel the removal of a permanent resident alien who is inadmissible or deportable if the alien: "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).

After a hearing the IJ found that Velasco had failed to satisfy the seven-year, continuous-residency requirement and denied relief. On appeal the BIA did not consider the basis of the IJ's denial of relief. Instead, it dismissed Velasco's appeal because he was statutorily ineligible for cancellation of removal under § 1229b(c)(6), which precludes cancellation of removal when an alien has previously received suspension-of-deportation relief.

Velasco petitions for review, claiming that § 1229b(c)(6) does not bar relief to aliens who, like him, were granted suspension of deportation after the effective date of the IIRIRA, April 1, 1997.[1] We disagree.

_____

[1]    Velasco also states in his brief that the language of § 1229b(c)(6) "manifests a clear legislative understanding that the proscription [against cancellation of removal]

(continued)

- 3 -

## II.    Discussion

Although we lack jurisdiction to review discretionary aspects of a BIA

decision concerning cancellation of removal, we retain jurisdiction to review

constitutional claims or questions of law.  *See Arambula-Medina v. Holder*, 572 F.3d

824, 828 (10th Cir. 2009); 8 U.S.C. § 1252(a)(2)(D).  Because a single member of the

BIA affirmed the IJ's decision under 8 C.F.R. § 1003.1(e)(5), we review only the

BIA's opinion and not grounds stated in the IJ decision but not relied upon by the

BIA.  *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).  We review

legal issues de novo, though we may defer to an agency's reasonable interpretation of

the statutes it administers.  *See Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir.

2007).  We affirm the BIA without needing to defer to its interpretation of the

governing statute.

---

would apply to aliens who were granted suspension of deportation . . . relief *prior to
the enactment* of the IIRIRA."  Aplt. Opening Br. at 17 (emphasis added).  But the
remainder of his argument is that the proscription applies to suspension of
deportation relief received before the statute's *effective date*.  The difference between
the enactment date and the effective date, however, is irrelevant to our analysis.

The BIA relied on 8 U.S.C. § 1229b(c)(6), which states that relief under § 1229b(a) is not available to "[a]n alien whose removal has previously been cancelled under [8 U.S.C. § 1229b] or whose deportation was suspended under [8 U.S.C. § 1254(a)] or who has been granted relief under [INA § 212(c), codified at 8 U.S.C. § 1182(c)], as such sections were in effect before September 30, 1996." To understand the references to §§ 1182 and 1254, it is helpful to know that the relief granted under § 1229b to inadmissible and deportable aliens replaces the relief granted before the IIRIRA to excludable aliens under § 1182(c) and deportable aliens under § 1254. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 297 (2001) (observing that the IIRIRA repealed § 1182(c), and replaced it with § 1229b); *Mendoza-Sandino*, 22 I. & N. Dec. 1236, 1238 (BIA 2000) (recognizing that "Congress enacted the IIRIRA, which eliminated the relief of suspension of deportation [under § 1254] and substituted a similar remedy, cancellation of removal, at [§ 1229b]").

Section 1229b(c)(6) precludes the relief requested by Velasco. We agree with the Ninth Circuit that "Congress stated unequivocally" that once an alien has obtained relief under one of the three provisions referenced in § 1229b(c)(6), the alien has had his bite at the apple and can no longer seek cancellation of removal. *Maldonado-Galindo v. Gonzales*, 456 F.3d 1064, 1067 (9th Cir. 2006); *see Peralta-Taveras v. Att'y Gen.*, 488 F.3d 580, 586 (2d Cir. 2007) ("The plain language of [§ 1229b(c)(6)] . . . bars an alien who previously received [§ 1182(c)] relief from receiving cancellation of removal").

- 5 -

Velasco argues that the bar of § 1229b(c)(6) does not apply to him because he obtained relief under § 1254(a) after September 30, 1996. He relies on the last phrase in § 1229b(c)(6), which, referring to sections 1254(a) and 1182(c), says "as such sections were in effect before September 30, 1996." But that phrase is not speaking of the date when relief was granted to the alien. It simply identifies two repealed statutory provisions by stating when they were in effect. The statutory language avoids confusion in case some later legislation includes a new provision codified as section 1254(a) or 1182(c), and it helps the reader find the repealed sections in earlier codifications. Velasco's interpretation of the phrase makes no sense. Why would Congress want to give a pass to those who by happenstance obtained relief under, say, § 1254(a) during the transition period when the repealed section was still being applied in deportation cases commenced before the repeal?

Because the meaning of the statutory language is plain, we ordinarily would not consider legislative history. *See United States v. Handley*, 678 F.3d 1185, 1189 (10th Cir. 2012). But in any event the only such history referenced by Velasco does not help him. He cites to a House Conference Report which, in one long sentence, lists the aliens who are excluded by INA § 240A(c) (8 U.S.C. § 1229b(c)) from eligibility for cancellation of removal. One exclusion is expressed as "an alien who has previously been granted relief under this section, or under INA sections 212(c) or 244(a) *before the effective date of this Act*." H.R. Rep. No. 104-828, at *214 (1996) (Conf. Rep.) (emphasis added). Such an unelaborated-upon paraphrase of statutory

- 6 -

language can hardly be entitled to greater persuasive weight than the statutory language itself.

### III.    Conclusion

The BIA correctly held that § 1229b(c)(6) barred Velasco from seeking cancellation-of-removal relief.  The petition for review is denied.