**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

YANET ARLENI-ESCOBAR,

     Petitioner,

v.

JEFF SESSIONS,[*] United States
Attorney General,

     Respondent.

No. 16-9551
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Yanet Arleni-Escobar is a native and citizen of Mexico who entered the United

States without inspection. After she was arrested in Utah for driving under the

influence of alcohol, the Department of Homeland Security charged her with being

present in this country without being admitted or paroled by an immigration officer.

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Jeff Sessions is substituted for Loretta E. Lynch as the respondent in this
action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

She conceded the charge, but sought cancellation of removal under 8 U.S.C. § 1229b(b)(1). That provision permits the Attorney General to cancel removal proceedings against an alien who: (A) has been continuously present in the United States for at least ten years immediately preceding the application for cancellation of removal, (B) has good moral character, (C) has not been convicted of certain enumerated offenses, and (D) demonstrates "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative who is a United States citizen or lawfully admitted permanent resident. *See id.*

After a hearing, an Immigration Judge (IJ) found that Ms. Arleni-Escobar had failed to establish that she was continuously present in the United States for ten years prior to her application because she had failed to prove her exact date of entry. The IJ also found that Ms. Arleni-Escobar had failed to demonstrate that her removal would result in an exceptional and extremely unusual hardship to her United States citizen daughter. The IJ therefore denied the application for cancellation of removal.

Ms. Arleni-Escobar appealed to the Board of Immigration Appeals (BIA). The BIA affirmed the IJ's denial of cancellation of removal based on the IJ's determination that Ms. Arleni-Escobar's daughter would not experience exceptional or extremely unusual hardship upon her mother's removal. The BIA determined that it did not need to address Ms. Arleni-Escobar's claim that she met the ten-year continuous-presence requirement because she would not be eligible for cancellation of removal regardless.

2

Ms. Arleni-Escobar now seeks review of the BIA's decision in this court. The government argues that we lack jurisdiction to consider her petition for review. We agree.

Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." "We have construed the term 'judgment' in this subsection as referring to the discretionary aspects of a decision concerning cancellation of removal," which includes "the determination of whether the petitioner's removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D)." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotation marks omitted). There is, however, a limited exception to this jurisdictional bar if the petition for review raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Arambula-Medina*, 572 F.3d at 828.

Ms. Arleni-Escobar does not address this obvious jurisdictional problem in her opening brief, and she did not file a reply brief to attempt to rebut the government's argument that this court lacks jurisdiction over her petition for review. She does not raise any constitutional claims regarding the hardship determination. Her sole contention is that the agency committed "legal error in its analysis of hardship." Pet'r Br. at 13 (capitalization and boldface omitted). To the extent Ms. Arleni-Escobar may have implicitly intended for this argument to raise a

question of law that would permit us to exercise jurisdiction over her petition for review, we reject such a characterization.

We have determined that that the phrase "questions of law" as used in § 1252(a)(2)(D) "grants us jurisdiction to review a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (internal quotation marks omitted). Ms. Arleni-Escobar contends that the agency erroneously applied the hardship standard, but this contention does not involve any issue of statutory construction or interpretation that would permit us to review her petition. Instead, Ms. Arleni-Escobar wants to challenge the agency's consideration of the facts of her case, arguing that "[t]he facts of [her] case are similar to those in *Matter of Gonzalez Recinas*, 23 I&N Dec. 467[, 473] (BIA 2002)," Pet'r Br. at 14, where the BIA granted cancellation of removal after determining that the alien's United States citizen children would suffer exceptional and extremely unusual hardship if their mother was removed. Because Ms. Arleni-Escobar's challenge to the hardship determination is "directed solely at the agency's discretionary and factual determinations," it is "outside the scope of judicial review." *Diallo*, 447 F.3d at 1281.

We note that Ms. Arleni-Escobar also seeks to challenge the IJ's determination that she did not meet the ten-year continuous-presence requirement, which we would generally have jurisdiction to review, s*ee Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1149 (10th Cir. 2005). The BIA, however, did not rely on that ground in affirming the IJ's decision, and "we review only the BIA's opinion and not grounds

4

stated in the IJ decision but not relied upon by the BIA," *Velasco v. Holder*, 736 F.3d 944, 946 (10th Cir. 2013). Furthermore, Ms. Arleni-Escobar's inability to mount a challenge before us to the BIA's hardship determination due to our lack of jurisdiction means that determination is controlling and it would independently preclude cancellation of removal; therefore her challenge to the continuous-presence determination is moot. *See Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003) (concluding that jurisdictional bar to review of hardship challenge mooted challenge to continuous-presence determination).

For the foregoing reasons, we dismiss the petition for review for lack of jurisdiction. We deny Ms. Arleni-Escobar's motion for leave to proceed in forma pauperis.

Entered for the Court

Mary Beck Briscoe
Circuit Judge