Laing v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                      *Circuit Judges*.
             PAUL A. ENGELMAYER,[1]
                      *District Judge*.

_____

DARIEN LAING,

                      *Petitioner*,

             v.                                            16-114

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

                      *Respondent*.

_____

Appearing for Petitioner:     Michael J. Stachowski, Buffalo, NY.

Appearing for Respondent:     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Andrew B. Insenga, Trial

_____

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

Attorney, Office of Immigration Litigation, United States
Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision**,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in part.

Petitioner Darien Laing, a native and citizen of Jamaica, seeks review of a December 11, 2015, decision of the BIA affirming the April 20, 2015, decision of an Immigration Judge ("IJ") ordering Laing removed from the United States. *In re Darien Laing*, No. A073 535 540 (B.I.A. Dec. 11, 2015), *aff'g* No. A073 535 540 (Immig. Ct. Batavia, N.Y., Apr. 20, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Given that Laing is removable by reason of having been convicted of a firearm offense, and given that the agency denied him adjustment of status as a matter of discretion, our jurisdiction is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)-(D). We review such claims de novo. *See Harbin v. Sessions*, 860 F.3d 58, 63 (2d Cir. 2017).

## I. Cancellation of Removal

Laing argues that the agency erred in concluding that, under 8 U.S.C. § 1229b(c)(6), he was statutorily barred from cancellation of removal based on a previous grant of suspension of deportation because he had obtained that grant as a derivative beneficiary of his parents. Laing's argument that the agency erred in interpreting and applying the Immigration and Nationality Act ("INA") raises a question of law over which this Court has jurisdiction. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 331 (2d Cir. 2006). The agency, however, did not err in concluding that he was ineligible for cancellation or removal.

Under 8 U.S.C. § 1229b(a), the agency may cancel removal for a lawful permanent resident ("LPR") who is inadmissible or deportable if he has been an LPR "for not less than 5 years," has resided continuously in the country for 7 years, and has not been convicted of an aggravated felony. However, section § 1229b(c)(6) provides that a grant of cancellation under § 1229b(a) is not available to "[a]n alien whose removal has previously been cancelled under th[e] section or whose deportation was suspended under section 1254(a) of this title or who has been granted relief under section 1182(c) of this title, as such sections were in effect before September 30, 1996."

"[T]he well-established rules of statutory construction . . . instruct that our inquiry begins with the plain language of the statute and 'where the statutory language provides a clear answer, it ends there as well.'" *Peralta-Taveras v. Attorney Gen.*, 488 F.3d 580, 584 (2d Cir. 2007) (quoting *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)). In *Peralta-Taveras*, we held that "[t]he plain language of § [1229b](c)(6) . . . bars an alien who previously received § [1182](c) relief from receiving cancellation of removal." 488 F.3d at 586. The plain language of § 1229b(c)(6) is equally clear that an alien "whose deportation was suspended" is barred from

cancellation of removal. *See* 8 U.S.C. § 1229b(c)(6); *Peralta-Taveras*, 488 F.3d at 584; *see also Velasco v. Holder*, 736 F.3d 944, 946 (10th Cir. 2013) ("'Congress stated unequivocally' that once an alien has obtained relief under one of the three provisions referenced in § 1229b(c)(6), the alien has had his bite at the apple and can no longer seek cancellation of removal." (quoting *Maldonado-Galindo v. Gonzales*, 456 F.3d 1064, 1067 (9th Cir. 2006))).

Laing argues that, under *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011 (2012), he should not be barred from cancellation of removal pursuant to § 1229b(c)(6) because he derived suspension of deportation through his parents rather than independently obtaining that form of relief.[1] In *Martinez Gutierrez*, the Supreme Court deferred to the BIA's determination that an applicant for cancellation of removal must individually satisfy the duration requirements to obtain relief—5 years of LPR status and 7 years continuous residency—and may not rely on his parent's years of status or residency when he cannot meet those requirements. 132 S. Ct. at 2017-21. The Supreme Court reasoned that the plain language of the statute required "'the alien'—not, say, 'the alien or one of his parents' to meet the three prerequisites for cancellation of removal," and thus did not require the BIA to impute a parent's LPR status or residency to a child alien. *Id.* at 2017.

Laing argues that, under the reasoning of *Martinez Gutierrez*, the suspension of his parents' deportation should not be imputed to him so as to bar him from cancellation of removal under § 1229b(c)(6). The reasoning of *Martinez Gutierrez*, however, does not apply here. Once Laing was granted derivative suspension of deportation, whether derivatively from his parents or not, his deportation was suspended and he was granted LPR status. *See* 8 U.S.C. § 1254(a), (c); 8 C.F.R. § 1240.61(a)(4); *cf.* 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the *same status* as the alien . . . ." (emphasis added)). Therefore, under the plain language of § 1229b(c)(6), the agency's previous suspension of Laing's deportation bars him from cancellation of removal, and we deny the petition for review to that extent. *See Peralta-Taveras*, 488 F.3d at 584, 586; *see also Velasco*, 736 F.3d at 946; *Maldonado-Galindo*, 465 F.3d at 1067.

## II. <u>Adjustment of Status</u>

Laing also challenges the agency's denial of adjustment of status as a matter of discretion. Specifically, Laing argues that, in finding that the negative factors in his case outweighed the positive equities, the IJ erred in relying on his failure to submit a letter of support from his son's mother, his admission that he sold marijuana even though he was not convicted of or removable for that activity, and his admission that he fired a gun into the air in an alley when he was drunk. He further lists positive factors in his case.

---

[1] We assume, as the agency did, that Laing was granted suspension of deportation as a derivative of his parents. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for the [BIA's] decision."). However, we note that the record is not clear in this regard, Laing was a respondent in the earlier removal proceedings, and the relevant statute and regulations do not clearly provide that a child automatically derives suspension of deportation from a parent. *See* 8 U.S.C. § 1254 (1996); *see also* 8 C.F.R. § 1240.61(a)(4).

3

In order to ascertain whether a petitioner raises a constitutional challenge or question of law over which we retain jurisdiction, *see* 8 U.S.C. § 1252(a)(2)(B), (D), we "study the argument[] asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case [we] would lack jurisdiction," *Xiao Ji Chen*, 471 F.3d at 329. Laing's challenge to the agency's denial of adjustment does not raise a legal question over which we have jurisdiction, but rather quarrels with the agency's discretionary balancing of the equities. *See Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006) ("An assertion that an IJ or the BIA misread, misunderstood, or misapplied the law in weighing factors relevant to the grant or denial of discretionary relief does not convert what is essentially an argument that the IJ and BIA abused their discretion into a legal question.").

Regardless, even if we had jurisdiction, Laing's assertions of error are without merit. The IJ was permitted to note the absence of a support letter from a family member because family ties are a factor the agency considers in deciding whether to grant adjustment as a matter of discretion. *See Matter of Arai*, 13 I. & N. Dec. 494, 496 (BIA 1970). The IJ also was permitted to consider Laing's admissions that he sold marijuana and that he fired a gun into the air in an alley as negative factors, even though Laing was never convicted for the former conduct but was convicted for the latter. *See Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006) (permitting an IJ to consider "an applicant's anti-social conduct—whether leading to a conviction . . . or no legal judgment whatsoever—as an adverse factor in evaluating an application for discretionary relief"). And, contrary to Laing's contention, sale of marijuana can be a removable offense. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1692 (2013). Finally, the IJ considered the positive factors Laing lists, i.e., his mother's health issues and family ties, but ultimately found them outweighed by negative factors.

Therefore, because Laing has not identified a constitutional claim or question of law with respect to the agency's denial of adjustment of status as a matter of discretion, we are without jurisdiction and we dismiss the petition for review to that extent. *See Xiao Ji Chen*, 471 F.3d at 329.

### III. Ineffective Assistance of Counsel

Laing argues that his attorney before the IJ, Ms. Annick Koloko, was ineffective for the following reasons: (1) she did not accept the IJ's offer of a continuance pending adjudication of Laing's wife's visa petition; (2) she failed to present evidence that his removal would cause extreme hardship to qualifying family members; (3) she failed to anticipate the Government's suspension of deportation argument; and (4) she failed to obtain Laing's criminal records, prepare him to testify about those records, or present mitigating evidence. Although Laing's ineffective assistance claim raises a constitutional claim, *see Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008), it is without merit.

In order to prevail on a claim of ineffective assistance of counsel, Laing must show "that competent counsel would have acted otherwise," and "that he was prejudiced by his counsel's performance. *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted).

4

As the BIA concluded, Laing failed to demonstrate that Ms. Koloko's representation was deficient or that it resulted in the requisite prejudice for the following reasons.

Although Ms. Koloko declined the IJ's initial offer to continue proceedings pending adjudication of Laing's wife's visa petition, she later requested and was granted a continuance until the visa petition was adjudicated. *See Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010) (concluding that petitioner failed to demonstrate prejudice when he had "not shown that the outcome of his removal proceedings would have been any different" absent the alleged deficient performance of counsel).

Because Laing was an LPR, he was not required to demonstrate hardship to a qualifying relative to establish his statutory eligibility for cancellation of removal, so Ms. Koloko was not required to present evidence of hardship. *See* 8 U.S.C. § 1229b(a) (requiring LPR status for 5 years, continuous residence for 7 years, and no aggravated felony conviction for cancellation of removal for LPRs). Regardless, Ms. Koloko elicited testimony regarding hardship from Laing's father, mother, and wife.

Even if Ms. Koloko failed to anticipate the Government's argument that Laing was statutorily ineligible for cancellation of removal based on his previous grant of suspension of deportation, once that issue was raised, she filed a brief raising the same argument he raises here. Moreover, Laing has not shown that the argument raised in that brief failed as a result of Ms. Koloko's failure to anticipate the Government's argument. *See Debeatham*, 602 F.3d at 486.

The record belies Laing's claim that Ms. Koloko was ineffective for failing to obtain his criminal records, prepare him to testify about his criminal history, or present mitigating evidence. Instead, the record includes evidence of Laing's criminal history; he testified extensively about that history, and he does not identify what aspects of his history he was unprepared to discuss. Furthermore, Ms. Koloko elicited testimony and presented evidence regarding mitigating factors.

Accordingly, the BIA did not err in finding that Laing failed to establish that Ms. Koloko was deficient or that he was prejudiced as a result of her representation, and the petition is denied to this extent. *See Rabiu*, 41 F.3d at 882.

For the foregoing reasons, Laing's petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5