FILED
United States Court of Appeals
Tenth Circuit

October 11, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARIO GALVAN MORALES,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III, United
States Attorney General,

     Respondent.

No. 18-9504
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.
_____

Mario Galvan Morales, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals ("BIA") decision dismissing his appeal of an

immigration judge's ("IJ") finding that he is ineligible for cancellation of removal.

We dismiss the petition for lack of jurisdiction.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On September 14, 2012, the Department of Homeland Security issued to Mr. Galvan a Notice to Appear in removal proceedings. In these proceedings, Mr. Galvan admitted he was an alien unlawfully present in the United States. The IJ found him to be subject to removal. Mr. Galvan then applied for cancellation of removal under 8 U.S.C. § 1229b(b), which authorizes the Attorney General to cancel removal and adjust the status of certain nonlawful resident aliens.

To be eligible for this discretionary relief, Mr. Galvan was required to prove that he had been physically present in the United States for a continuous period of not less than ten years before he received the Notice to Appear. *See id.* § 1229b(b)(1)(A), (d)(1). Under the statute, departures from the United States for certain limited periods of time do not break an alien's continuous physical presence. *See id.* § 1229b(d)(2). But a "voluntary departure" under threat of removal proceedings breaks physical presence. *See, e.g., In re Romalez-Alcaide*, 23 I. & N. Dec. 423, 424 (BIA 2002) (holding that a nonlawful resident's continuous physical presence ends when he voluntarily departs the United States under threat of removal proceedings); *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1245 (10th Cir. 2012) (granting deference to the BIA's construction of the continuous-physical-presence statute in *Romalez-Alcaide*).

For a voluntary departure to break physical presence, there must be evidence "show[ing] a process of sufficient formality that the alien was made aware of the choice between returning [to his home country] voluntarily or being subjected to

2

more formal procedures to expel him or her from the United States."
*In re Castrejon-Colino*, 26 I. & N. Dec. 667, 670 (BIA 2015); *see Reyes-Vasquez v. Ashcroft*, 395 F.3d 903, 908 (8th Cir. 2005) ("[B]efore it may be found that a presence-breaking voluntary departure occurred, the record must contain some evidence that the alien was informed of and accepted its terms."). Thus, the BIA has held, "where an alien has a right to a hearing before an Immigration Judge, there must be reliable testimonial and/or documentary evidence in the record to establish that the alien was informed of that right and waived it before a voluntary departure will be considered a sufficiently formal process to break his or her physical presence." *Castrejon-Colino*, 26 I. & N. Dec. at 671-72.

Mr. Galvan testified before the IJ that he first entered the United States in 1999 and has resided continuously here since then except for two brief breaks. He described one of these breaks as a "voluntary departure" to Mexico in 2004 after immigration officers stopped him on his way to work.[1] Mr. Galvan testified that the immigration officers advised that he could have a hearing before an IJ, but he decided to accept a voluntary departure instead because he was single and did not think he had any hope of success at a hearing. He further testified that immigration officials photographed and fingerprinted him as part of the departure process and that he signed documentation agreeing to leave the United States. Mr. Galvan testified that he illegally reentered the United States shortly after this departure.

---

[1] Mr. Galvan testified that the second break occurred in 2002 when he traveled to Mexico to visit his family. Neither the IJ nor the BIA addressed this break.

3

At the close of the hearing, the IJ denied Mr. Galvan's application, finding that he was ineligible for cancellation of removal because he had failed to prove that he was physically present in the United States for a continuous period of not less than ten years before receiving the Notice to Appear in September 2012. The IJ based this decision on two grounds. First, he found that Mr. Galvan's 2004 voluntary departure constituted a break in his physical presence because Mr. Galvan's testimony demonstrated that he was aware of the opportunity for a hearing before an IJ but chose to accept voluntary departure instead. Second, the IJ found that Mr. Galvan had not met his burden of proving his continuous physical presence in the United States from 2002 to 2004 because he had failed to produce documentary evidence.

Mr. Galvan appealed the IJ's decision to the BIA. The BIA dismissed Mr. Galvan's appeal. It found no error in the IJ's determination that Mr. Galvan's 2004 voluntary return to Mexico broke his continuous physical presence in the United States. He therefore had not shown the 10 years of continuous presence needed to establish eligibility for cancellation of removal. The BIA did not address the IJ's second ground. Mr. Galvan timely filed a petition for review of the BIA's decision.

## II. **DISCUSSION**

Mr. Galvan argues (1) the evidence did not establish that his voluntary departure to Mexico in 2004 broke his continuous physical presence in the United States; and (2) the IJ failed to give proper weight to his testimony regarding his presence from 2002 to 2004. Because the BIA affirmed the IJ's decision in a brief order issued by a single

4

judge, "we review only the BIA's opinion and not grounds stated in the IJ decision but not relied upon by the BIA." *Velasco v. Holder*, 736 F.3d 944, 946 (10th Cir. 2013). The BIA did not need to address the IJ's second ground, and we therefore do not consider it. *See id.*

Mr. Galvan's challenge to the BIA's decision regarding his 2004 departure fails because we lack jurisdiction to consider it. *Arambula-Medina v. Holder*, 572 F.3d 824, 827 (10th Cir. 2009). The Immigration and Nationality Act (INA) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). "We have construed the term 'judgment' in this subsection as referring to the discretionary aspects of a decision concerning cancellation of removal," including "any underlying factual determinations." *Arambula-Medina*, 572 F.3d at 828; *see Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006) ("[C]hallenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review."). The INA allows us, however, to review "constitutional claims" and "questions of law" relating to cancellation of removal decisions. *See* 8 U.S.C. § 1252(a)(2)(D); *Arambula-Medina*, 572 F.3d at 828. This exception is narrow because we construe the term "questions of law" to include only "issues regarding statutory construction." *Shepherd v. Holder*, 678 F.3d 1171, 1179 (10th Cir. 2012) (internal quotation marks omitted).

In *Barrera-Quintero*, 699 F.3d at 1246-47, we held that the BIA's determination of whether a departure constitutes a voluntary departure is a discretionary decision. In that case, the petitioner claimed the process that preceded

5

his voluntary departure was flawed because he was not meaningfully informed of his legal rights and choices. *Id.* at 1246. We dismissed for lack of jurisdiction because "the issue of voluntariness in cancellation-of-removal cases implicates a fact-driven inquiry that necessarily involves the use of discretion on the part of the agency. By statutory command, these discretionary determinations lie beyond the reach of our review." *Id.* at 1247.

Mr. Galvan asserts we have jurisdiction to review the BIA's decision about his 2004 voluntary departure because his arguments raise questions of law and a constitutional claim. We disagree. Mr. Galvan's argues that because his testimony on this subject was "brief and vague," Opening Br. at 16, and not corroborated by documentary or other evidence, *see id.* at 20-21,[2] it did not support the BIA's determination that he was informed of his hearing rights and waived them. This weight-of-the-evidence argument is similar to the contentions found jurisdictionally deficient in *Barrera-Quintero*. And, perhaps most telling, Mr. Galvan does not contend that his argument raises any question of statutory construction, nor could he—he accepts and relies on the BIA's construction of the INA regarding the circumstances under which a voluntary departure breaks an unlawful alien's continuous presence. *See* Opening Br. at 6-10 (citing the BIA's standard for deciding this question as set

---

[2] Although Mr. Galvan testified that he signed documents and was photographed and fingerprinted as part of his 2004 voluntary departure, the government reported that it was not able to locate these materials.

forth in *Romalez-Alcaide*, *In re Avilez-Nava*, 23 I. & N. Dec. 799 (BIA 2005), and *Castrejon-Colino*).

We also reject Mr. Galvan's contention that he has raised a jurisdictionally sufficient constitutional claim. Although he contends the BIA violated his Fifth Amendment right to a full and fair hearing when it determined that his 2004 voluntary departure broke his continuous presence, he bases this contention solely on the alleged insufficiency of the evidence supporting the IJ's finding. *See* Opening Br. at 10-11. This argument, therefore, is "nothing more than a challenge to the agency's discretionary and fact-finding exercises cloaked in constitutional garb," and "remain[s] outside the scope of judicial review." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted) (holding insufficient-evidence claim with respect to a voluntary departure determination "does not present a colorable constitutional claim capable of avoiding the jurisdictional bar").

Accordingly, we lack jurisdiction to consider Mr. Galvan's challenges to the BIA's voluntary-departure determination.

## III. CONCLUSION

Because we lack jurisdiction to review the issues presented, we dismiss the petition for review.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

7