Dobrik v. Garland

BIA
A205 500 133

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-two.

PRESENT:
>    DENNIS JACOBS,
>    ROBERT D. SACK,
>    JOSEPH F. BIANCO,
>        *Circuit Judges.*

_____

PAVOL DOBRIK,
>    *Petitioner*,

>    v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>    *Respondent*.

20-415(L),
20-2580(Con)
NAC

_____

FOR PETITIONER:     Kevin L. Dixler, Chicago, IL.

FOR RESPONDENT:     Brian Boynton, Acting Assistant Attorney General; Leslie McKay, Acting Assistant Director; Holly M. Smith, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Pavol Dobrik, a native and citizen of Slovakia, seeks review of (1) a January 3, 2020 decision of the BIA, denying a motion to reopen, and (2) a July 20, 2020 decision, denying a subsequent motion to reconsider and reopen. *In re Pavol Dobrik,* No. A205 500 133 (B.I.A. Jan. 3 & July 20, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Dobrik argues that the BIA erred in denying his motions to reopen and reconsider his claim for cancellation of removal under 8 U.S.C. § 1229b(b)(1) because he established that his former counsel was ineffective by failing to present evidence on the hardship Dobrik's removal would cause his U.S. citizen children. Our jurisdiction is limited to constitutional claims and questions of law when we review the denial of motions to reopen and reconsider related to the issue of hardship required for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *see also Barco-Sandoval v. Gonzales,*

2

516 F.3d 35, 38–40 (2d Cir. 2008) (reaffirming that jurisdiction to review a hardship determination for cancellation is limited by Section 1252(a)(2)(B)); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) (holding that the jurisdictional limitation for discretionary denials of relief applies equally to denials of motions to reopen or reconsider that relief).

We have jurisdiction to consider Dobrik's ineffective assistance of counsel claim because it is a constitutional claim. *See Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008) ("We are not barred from exercising jurisdiction over an ineffective assistance of counsel claim . . . merely because in determining whether the petitioner was prejudiced by counsel's errors we would have to consider whether the agency's underlying discretionary determination might have been different had no errors occurred."). When examining "denied motions to reopen, we review de novo constitutional claims and questions of law." *Luna v. Holder*, 637 F.3d 85, 102–03 (2d Cir. 2011).

To demonstrate ineffective assistance, a movant must show both "that competent counsel would have acted otherwise," and "that he was prejudiced by counsel's performance." *Rabiu v.*

3

*INS*, 41 F.3d 879, 882–83 (2d Cir. 1994) (quoting *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993)). Prejudice requires that a movant "make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu*, 41 F.3d at 882; *see also Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020).

Here, in denying both the motion to reopen and the motion to reconsider, the BIA concluded that Dobrik had not shown the requisite prejudice because the evidence he argued his counsel should have submitted would not have changed the ultimate outcome—namely, that Dobrik failed to establish that his removal would cause his U.S. citizen children the "exceptional and extremely unusual hardship" required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D). Reviewing the record as whole, we agree with the BIA's determinations that Dobrik failed to demonstrate that the outcome would have changed had his counsel submitted the additional evidence Dobrik provided and, accordingly, we conclude that Dobrik has not shown that he was prejudiced by the alleged ineffective assistance of counsel. Insofar as Dobrik argues that we should apply a less stringent standard

4

for prejudice, *see* Petitioner's Br. at 20-21, 28-29, or that he deserves another hearing "*regardless of the outcome*," *see id.* at 27, we are bound by the precedential decisions establishing this *prima facie* standard for prejudice and thus decline Dobrik's request that we apply a less stringent standard, *see Dale v. Barr*, 967 F.3d 133, 142 (2d Cir. 2020)("It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court." (internal quotation marks omitted)).

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5