Lin v. Holder

BIA
Christensen, IJ
A200 921 074

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand thirteen.

PRESENT:

> ROBERT A. KATZMANN,
> *Chief Judge,*
> BARRINGTON D. PARKER,
> REGINA RAGGI,
> *Circuit Judges.*

_____

CHANG HUI LIN,
        *Petitioner,*

        v.                                        12-4318
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; David V. Bernal,

**Assistant Director; Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang Hui Lin, a native and citizen of the People's Republic of China, seeks review of an October 4, 2012, decision of the BIA affirming the June 6, 2011, decision of Immigration Judge ("IJ") Jesse B. Christensen, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Hui Lin*, No. A200 921 074 (B.I.A. Oct. 4, 2012), *aff'g* No. A200 921 074 (Immig. Ct. N.Y. City Jun. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*,

562 F.3d 510, 513 (2d Cir. 2009). For applications such as Lin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of [his or her] account," and inconsistencies in his or her statements, "without regard to whether . . . [they go] to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

**I.   One-Year Bar**

Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's determination that an asylum application is untimely. *See* 8 U.S.C. § 1158(a)(2)(B). Notwithstanding these provisions, however, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). While Lin raises two arguments which may be construed as questions of law, namely that the agency's adverse credibility determination was improperly used to find he had not timely filed his asylum application, and that the agency failed to consider the date

of arrival listed on the Notice to Appear, he failed to raise these arguments before the BIA, and thus they are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Regardless, the IJ explicitly noted that he would also deny asylum based on credibility, and that finding is dispositive of Lin's petition.

**II. Asylum, Withholding of Removal, and CAT**

In finding Lin not credible, the agency reasonably relied on Lin's inconsistent testimony. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). During his merits hearing, Lin changed his testimony regarding whether he had ever had his own passport and whether he had ever left China before 2010. Under the REAL ID Act, the agency properly relied on this inconsistency as a basis for an adverse credibility finding. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "any inconsistency or omission"). In addition, as the IJ noted, this inconsistency goes to the heart of Lin's claim, as he testified that he left China in 2008 to escape persecution.

4

*See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

We also defer to the agency's demeanor finding. *Li Zu Guan v. I.N.S.*, 453 F.3d 129, 140 (2d Cir. 2006). Here, the IJ observed that when Lin was asked whether he had been in South America in 2008, after having just testified that he had never left China before 2010, he became extremely nervous and began to laugh. The IJ further noted that Lin did not similarly react during any of his other testimony, despite stating that he was nervous throughout the hearing. We defer to the IJ's assessment of Lin's demeanor, particularly as it is further supported by "specific example[s] of inconsistent testimony" regarding whether Lin had ever left China before 2010. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Furthermore, Lin's claim that the agency erred because it did not consider his background evidence is without merit. *See Xiao Ji Chen*, 471 F.3d at 338 n.17 (presuming that the "IJ has taken into account all of the evidence . . . unless the record compellingly suggests otherwise"). The IJ found that Lin had failed to credibly establish that he

5

was a practicing Christian. *See Yan Chen*, 417 F.3d at 272-73. Accordingly, the agency's adverse credibility determination is supported by substantial evidence. *Xiu Xia Lin*, 534 F.3d at 167.

**III.    Remand**

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 156-57 (2d Cir. 2005); *Matter of Coelho,* 20 I&N Dec. 464, 474 (BIA 1992). Here, the agency did not abuse its discretion in denying Lin's motion to remand, as the medical document he submitted was previously available. *See* 8 C.F.R. § 1003.2(c)(1). While Lin argues the medical document was previously unavailable because he did not ask family members to obtain it until after his hearing, this does not mean the document itself was unavailable. *Id.* Furthermore, even if the document constituted new evidence, it would not be "material," as it does not address Lin's credibility problems, which were fatal to his application. *Li Hua Lin*, 453 F.3d at 107.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

6

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk