*Flores-Rueda v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> > *Circuit Judges.*

---

Silverio Flores-Rueda,

> *Petitioner*,

> v.                                                                     21-6326

Pamela Bondi, United States Attorney General,

> *Respondent*.

---

FOR PETITIONER:                    Bryan R. Pu-Folkes, Esq., Jackson Heights, New York.

FOR RESPONDENT:                   Yaakov M. Roth, Acting Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is **DENIED**.

Petitioner Silverio Flores-Rueda, a native and citizen of Mexico, seeks review of a May 10, 2021, decision of the BIA, affirming an October 2, 2018, decision of an Immigration Judge ("IJ"), which denied his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *In re Silverio Flores-Rueda,* No. A 205 708 585 (B.I.A. May 10, 2021), *aff'g* No. A 205 708 585 (Immig. Ct. N.Y. City Oct. 2, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We have considered the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

A nonpermanent resident like Flores-Rueda may have his removal cancelled if, as relevant here, he "establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D). The hardship to the qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (internal quotation marks omitted). Yet, it is not so high that cancellation is only granted if removal would be "unconscionable." *Id.* at 61. Relevant factors include "the ages, health, and circumstances" of the qualifying relatives. *Id.* at 63. A "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school." *Id.* However, "[a] lower standard of living or adverse country conditions in the

country of return" are generally "insufficient in themselves to support a finding of exceptional and extremely unusual hardship."[1] *Id*. at 63–64.

Our jurisdiction to review the denial of cancellation of removal is limited to constitutional claims and questions of law, which include the application of law to established facts. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Wilkinson v. Garland*, 601 U.S. 209, 212, 216–17 (2024). Although an IJ's "underlying factual determination," such as whether a petitioner's family member has "a serious medical condition" "or the level of financial support a noncitizen currently provides," are unreviewable questions of fact, "[w]hen an IJ weighs those found facts and applies the 'exceptional and extremely unusual hardship' standard . . . the result is a mixed question of law and fact," *Wilkinson*, 601 U.S. at 222, 225, that we review for "clear error," *Toalombo Yanez*, 140 F.4th at 37. Applying this standard here, we find no clear error in the agency's initial denial of cancellation.

The agency did not clearly err in concluding Flores-Rueda failed to establish that his children would suffer exceptional and extremely unusual hardship. "The exceptional and extremely unusual hardship for cancellation of removal is based on a cumulative consideration of all hardship factors, but to the extent that a claim is based on the health of a qualifying relative, an applicant needs to establish that the relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care for the claimed

---

[1] Flores-Rueda argues that we need to further examine and explain how the hardship standard is to be assessed and applied, asserting that after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the BIA does not have the authority to define exceptional and extremely unusual hardship, and that BIA precedent is unclear as to "what lies between exceptional and unconscionable." Petitioner's Br. at 13. However, as the government correctly points out, Flores-Rueda did not properly exhaust such challenge to the hardship standard before the BIA. *See Ud Din v. Garland*, 72 F.4th 411, 419, 420 n.2 (2d Cir. 2023) (reaffirming that issue exhaustion is non-jurisdictional but mandatory when raised by the government). In any event, we have continued to rely on the hardship standard set out in *Monreal-Aguinaga* after the Supreme Court's decision in *Loper Bright*. *See Toalombo Yanez v. Bondi*, 140 F.4th 35, 45 (2d Cir. 2025).

condition is not reasonably available in that country." *Matter of J–J–G–*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020) (footnotes omitted). A similar framework applies to claims, like Flores-Rueda's, that qualifying relatives have compelling special needs due to disabilities or learning issues.

Here, the IJ found that Flores-Rueda had not established that his children would relocate to Mexico with him. We cannot review this factual determination. "An agency cannot be said to have erred as a matter of law by reaching one factual conclusion rather than another." *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 340 (2d Cir. 2025). Moreover, although Flores-Rueda testified that the children would go to Mexico with him, the children were in the physical custody of their mother, from whom Flores-Rueda was separated, and there was no evidence from her to indicate that relocation was a possibility. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." (citation omitted)). Accordingly, the remaining question is whether he demonstrated that the children would suffer "exceptional and unusual hardship" in the United States if he were removed.

Although Flores-Rueda's children's special needs make him a potentially "strong applicant," *Monreal-Aguinaga*, 23 I. & N. Dec. at 63, Flores-Rueda did not testify that his children would lose access to the services they currently receive in New York if they were to stay in the United States after his removal, and he presented no other evidence that compels the conclusion that, in light of his children's special needs, his departure will cause them to suffer exceptional hardship. *Cf. Matter of J–J–G–*, 27 I. & N. Dec. at 812 (finding no exceptional hardship where applicant's child "receives regular treatment for [a medical] condition in the United States, and there is no indication that she will be unable to continue treatment [in the country of removal] if

4

the respondent is removed" with her child). In addition, there was no evidence before the IJ to corroborate Flores-Rueda's testimony that he supported his children financially or to indicate that they relied on him financially, and he did not present evidence that he would be unable to find work and send money to them from Mexico. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 324 (B.I.A. 2002) (noting an applicant would be able to establish a new life in Mexico because, *inter alia*, she is "young and able to work" and "has developed some job skills"). In short, the agency acknowledged the children's disabilities and that Flores-Rueda's removal may cause financial and emotional hardship, but it did not clearly err in determining that his removal would not cause "exceptional and extremely unusual hardship." *See Monreal-Aguinaga*, 23 I. & N. Dec. at 62 (requiring that an applicant prove "substantially beyond the ordinary hardship" that results from a family member's removal (internal quotation marks omitted)).

We also conclude that the BIA did not err in denying Flores-Rueda's motion to remand for consideration of additional evidence, in which he alleged that his former counsel was ineffective in failing to present that evidence before the IJ. We review the denial of a motion to remand for abuse of discretion, *see Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005), and we review *de novo* a claim of ineffective assistance of counsel, *see Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011) (holding that constitutional claims are subject to *de novo* review); *Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008) (explaining that "ineffective assistance of counsel is a constitutional claim"). Here, Flores-Rueda has forfeited his ineffective assistance of counsel claim because he did not substantially comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Yi Ling Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007) (holding that ineffective assistance claims are forfeited absent "substantial compliance" with *Lozada* requirements); *Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 46

5

(2d Cir. 2005) (explaining that assertions of ineffective assistance of counsel must comply with the *Lozada* requirements). Although we have excused *Lozada* compliance where the ineffective assistance was "clear on the face of the record," *Yi Lang Yang*, 478 F.3d at 143, that is not the case here. Indeed, counsel submitted other evidence, including the children's school records, and questioned Flores-Rueda extensively regarding his children.

In addition, the BIA did not abuse its discretion in denying Flores Rueda's motion to reopen proceedings because the evidence presented with the motion was available at the time of Flores-Rueda's merits hearing. A motion to reopen proceedings "shall not be granted" unless accompanied by evidence that is "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006). The mother of Flores-Rueda's children and a child welfare official who had known him since 2014 could have testified or provided affidavits before the 2017 hearing. Furthermore, although one lease and store receipts from 2018 post-date his merits hearing, similar leases and receipts were previously available and could have been presented. *See Chang Hui Lin v. Holder*, 538 F. App'x 65, 67 (2d Cir. 2013) (summary order) (noting that evidence was not "unavailable" if an applicant did not attempt to retrieve it prior to his merits hearing).

*     *     *

We have considered Flores-Rueda's remaining arguments and conclude that they are without merit.  Accordingly, the petition for review is **DENIED**.  All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court